ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

DEC 08 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARTHUR LEE COFIELD,<br>A/K/A ARCHIE LEE,<br>ELDRIDGE MAURICE BENNETT,<br>ELIAYAH BENNETT,<br>A/K/A INDIANA | Criminal Indictment<br><br>No.   1:20CR 481<br><br>UNDER SEAL |

THE GRAND JURY CHARGES THAT:

**Count One**
*Conspiracy to Commit Bank Fraud*
(18 U.S.C. § 1349)

1. Beginning on a date unknown, but at least by on or about June 4, 2020, and continuing until on or about June 16, 2020, in the Northern District of Georgia and elsewhere, the defendant, ARTHUR LEE COFIELD, A/K/A ARCHIE LEE, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with others known and unknown to the Grand Jury, to knowingly execute and attempt to execute a scheme and artifice:

    a) to defraud The Charles Schwab Corporation ("Charles Schwab"), the deposits of which were at the time insured by the Federal Deposit Insurance Corporation, and

    b) to obtain money, funds, credits, assets, and other property owned by and under the custody and control of Charles Schwab, the deposits of which were at the time insured by the Federal Deposit Insurance Corporation,

by means of materially false and fraudulent pretenses, representations, and promises, as well as by omissions of material fact, with the intent to defraud, in violation of Title 18, United States Code, Section 1344.

## Manner and Means

2. At all relevant times material to this Indictment, Charles Schwab was a financial institution as that term is defined at Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

3. Defendant COFIELD was an incarcerated inmate at the Georgia Diagnostic and Classification Prison in Butts County, Georgia.

4. Using a contraband cell phone, COFIELD obtained multiple means of identification for victim S.K. and gained access to an online account owned by S.K. and managed by Charles Schwab. On or about June 5, 2020, COFIELD impersonated S.K. and called a Charles Schwab customer service representative to inquire about opening a checking account. The customer service representative informed COFIELD that a form of identification and utility bill would be required to complete the verification process. On or about June 6, 2020, at COFIELD's request, a co-conspirator provided COFIELD with a picture of S.K.'s driver's license and a Los Angeles Department of Water and Power utility bill.

5. On or about June 8, 2020, COFIELD submitted via email a purchase inquiry to Money Metals Exchange, LLC, a precious metals dealer based in Idaho, for the purchase of gold coins. Purporting to be S.K. while communicating with

representatives of Money Metals Exchange, LLC, COFIELD agreed to purchase 6,106 American Gold Eagle one-ounce coins for the price of $10,998,859.92.

6. On or about June 8, 2020, a female co-conspirator claiming to be calling on behalf of her husband contacted a Charles Schwab customer service representative and inquired about the verification procedures to initiate a wire transfer. On or about that same day, COFIELD impersonated S.K. and called a Charles Schwab customer service representative to inquire about sending a wire transfer in the amount of $11,000,000. During the call, COFIELD falsely claimed to be S.K. and referenced the earlier call made by the female co-conspirator. Based on these false representations, Charles Schwab initiated the wire transfer. On or about June 9, 2020, Charles Schwab wired $11,000,000 from the account belonging to S.K., account number ending 0141, to a Zions Bank account controlled by Money Metals Exchange, LLC, account number ending 6489.

7. On or about June 13, 2020, COFIELD hired a private security company to transport the purchased gold coins from Boise, Idaho, to Atlanta, Georgia, by chartered private plane. On or about June 16, 2020, the private security team landed at the Atlanta Signature Airport and met with ELDRIDGE MAURICE BENNETT. During the course of the conspiracy, ELDRIDGE MAURICE BENNETT presented a false identification document to the private security team and took possession of the gold coins.

All in violation of Title 18, United States Code, Section 1349.

**Count Two**
*Aggravated Identity Theft*
(18 U.S.C. § 1028A(a)(1))

8. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 2-7 of this Indictment as if fully set forth herein.

9. Beginning on or about June 4, 2020, and continuing until on or about June 16, 2020, in the Northern District of Georgia and elsewhere, the defendant, ARTHUR LEE COFIELD, A/K/A ARCHIE LEE, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being S.K., during and in relation to the felony violation of conspiracy to commit bank fraud as alleged in Count One of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

**Count Three**
*Conspiracy to Commit Money Laundering*
(18 U.S.C. § 1956(h))

10. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 2-7 of this Indictment as if fully set forth herein.

11. Beginning on or about June 4, 2020, and continuing until on or about June 16, 2020, in the Northern District of Georgia and elsewhere, the defendants, ARTHUR LEE COFIELD, A/K/A ARCHIE LEE, AND ELDRIDGE MAURICE BENNETT, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with each other, and with others known and unknown to the Grand Jury, to commit the following offenses against the United States:

a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, a delivery and transfer of gold coins, which involved the proceeds of a specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that said transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transaction, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b) to knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, that is, a delivery and transfer of gold coins, knowing that said transaction involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

**Count Four**
*Money Laundering*
(18 U.S.C. § 1956(a)(1)(B)(i))

12. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 2-7 of this Indictment as if fully set forth herein.

13. On or about June 16, 2020, in the Northern District of Georgia and elsewhere, the defendants, ARTHUR LEE COFIELD, A/K/A ARCHIE LEE, AND ELDRIDGE MAURICE BENNETT, aided and abetted by each other, and by others known and unknown to the Grand Jury, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, that is, a delivery and transfer of gold coins, which involved the proceeds of a specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that said transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transaction, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

**Count Five**
*Money Laundering*
(18 U.S.C. § 1957)

14. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 2-7 of this Indictment as if fully set forth herein.

15. On or about June 16, 2020, in the Northern District of Georgia and elsewhere, the defendants, ARTHUR LEE COFIELD, A/K/A ARCHIE LEE AND ELDRIDGE MAURICE BENNETT, aided and abetted by each other, and by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, that is, a delivery and transfer of gold coins, knowing that such transaction involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1957 and Section 2.

## Count Six
*Conspiracy to Commit Money Laundering*
(18 U.S.C. § 1956(h))

16. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 2-7 of this Indictment as if fully set forth herein.

17. From on or about July 14, 2020, to on or about September 1, 2020, in the Northern District of Georgia and elsewhere, the defendants, ARTHUR LEE COFIELD, A/K/A ARCHIE LEE, ELDRIDGE MAURICE BENNETT, AND ELIAYAH BENNETT, A/K/A INDIANA, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with each other, and with others known and unknown to the Grand Jury, to knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, that is, the transfer of $4.4 million in U.S. currency to M.Z., for the purchasing of property in Atlanta, Georgia, knowing that said transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

**Count Seven**
*Money Laundering*
(18 U.S.C. § 1957)

18. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 2-7 of this Indictment as if fully set forth herein.

19. On or about September 1, 2020, in the Northern District of Georgia and elsewhere, the defendants, ARTHUR LEE COFIELD, A/K/A ARCHIE LEE, ELDRIDGE MAURICE BENNETT, AND ELIAYAH BENNETT, A/K/A INDIANA, aided and abetted by each other, and by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, that is, the transfer of $3,700,508 in U.S. currency to M.Z., for the purchasing of property in Atlanta, Georgia, knowing that such transaction involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1957 and Section 2.

9

## Forfeiture

20. Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2), all property constituting or derived from proceeds obtained directly or indirectly as a result of said violation, including, but not limited to, the following:

   a) MONEY JUDGMENT: A sum of money in United States currency equal to the amount of proceeds the defendant obtained for the offense for which the defendant is convicted.

   b) REAL PROPERTY: 4099 Randall Mill Road, N.W., Atlanta, Fulton County, Georgia 30327.

21. Upon conviction of one or more of the offenses alleged in Counts Three through Seven of this Indictment, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, and any property traceable to such property, including, but not limited to, the following:

   a) MONEY JUDGMENT: A sum of money in United States currency representing the total amount of money involved in each offense for which the defendant is convicted.

   b) REAL PROPERTY: 4099 Randall Mill Road, N.W., Atlanta, Fulton County, Georgia 30327.

22. If, as a result of any act or omission of the defendants, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A _____/s/ True_____ BILL

_____
FOREPERSON

BYUNG J. PAK
 *United States Attorney*

*Scott McAfee*

SCOTT MCAFEE
 *Assistant United States Attorney*
Georgia Bar No. 650995

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181