IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CASE NO. 1:20-CR-481 |
| ARTHUR LEE COFIELD, | : |
| Defendant. | : |

**MOTION TO SUPPRESS FRUITS OF A WARRANTLESS
CELL PHONE SEARCH AND SUPPORTING AUTHORITY**

Defendant Cofield moves the Court to suppress the data stored within a Samsung cellular phone lawfully seized but subsequently searched without a warrant, and in support thereof states as follows:

1. On June 10, 2020, at approximately 5:30 p.m., members of the Georgia Department of Corrections ("GDC") prison staff searched prison cell LE-202 at the Georgia Diagnostic and Classification Prison in Butts County. This cell housed prison inmate 1270146, Arthur Cofield. Cofield was housed in a special management unit where each prisoner is assigned his own prison cell. According to the prison staff, within Cofield's cell, the staff recovered one black Samsung smart cell phone on top of a desk, one blue Samsung cell phone from under Cofield's right armpit, one Samsung cell phone charger, and a pair of Samsung earbuds. In August 2020, the prison forensics unit performed a warrantless search of the blue Samsung

cell phone and was able to successfully extract the data from that Samsung cell phone. The actual phone number for that device was 404-985- 8606, however the phone data indicated that its user was using a TextNow account which provides users with a different phone number that can be used to call and text.

2. The defendant is not challenging the legality of the initial seizure of the blue Samsung cell phone. But that seized cell phone was subsequently searched without a warrant for evidence of criminal activity unrelated to the defendant's possession of contraband cellular phones at the prison facility. The warrantless search (forensic examination) conducted months after the seizure was not for the legitimate prison objectives of security and maintenance. On information and belief, Cofield avers the warrantless search was initiated by prosecution and law enforcement officials solely to bolster the investigation of the defendant on the charges now before this Court.

3. The defendant contends the subsequent warrantless search of the blue Samsung cell phone and the seizure of the data stored within violated his rights under the Fourth Amendment to the United States Constitution, and therefore the data stored within that cell phone should be suppressed. *See Riley v. California*, 573 U.S. 373 (2014).

Respectfully submitted,

*/s/ Steven H. Sadow*
STEVEN H. SADOW
Georgia Bar No. 622075
Attorney for Defendant Cofield

260 Peachtree Street, N.W.
Suite 2502
Atlanta, Georgia 30303
404-577-1400
stevesadow@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2021, the foregoing was filed electronically with the Clerk of Court using the CM/ECF e-filing system, which automatically sends e-mail notification to all parties of record.

*/s/ Steven H. Sadow*
STEVEN H. SADOW