IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARTHUR LEE COFIELD | Criminal Action No.<br><br>1:20-CR-481-SCJ-RDC |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS FRUITS OF A WARRANTLESS CELL PHONE SEARCH**

COMES NOW the United States of America, by Ryan K. Buchanan, United States Attorney, and Irina K. Dutcher, Assistant United States Attorney, Northern District of Georgia, and hereby files the Government's Response to Defendant's Motion to Suppress the Fruits of a Warrantless Cell Phone Search. Because Defendant Cofield has not shown a legitimate expectation of privacy in the contents of a contraband cell phone, he cannot meet his burden in claiming a Fourth Amendment violation. Consequently, Defendant's motion should be denied.

**I.    Statement of Pertinent Facts and Procedural History**

On August 31, 2020, United States Postal Inspection Service Postal Inspector Christopher Zito received information that a fraud had been committed on the Charles Schwab Corporation ("Schwab") during which a fraudster gained access to a customer account belonging to victim Sidney Kimmel, completed an online application via Schwab.com, and requested the opening of a Schwab Individual

Brokerage Account in the victim's name. On June 8, 2020, the imposter purporting to be Kimmel contacted Schwab by phone via 323-909-8701 and stated that he had uploaded a wire disbursement form to the secure email option available on his online account. The emailed document contained a wire disbursement request and a forged letter of authorization which all appeared to be signed by Kimmel. On June 9, 2020, a wire disbursement in the amount of $11,000,000 was sent from the Schwab account to a Zions Bank account for Money Metals Exchange, LLC. This payment was made without the knowledge or consent of the actual owner of the account. The transfer of funds was for the purchase of 6,106 American Eagle gold coins.

On June 10, 2020, members of the Georgia Department of Corrections ("GDC") prison staff searched the prison cell of Cofield and recovered a blue Samsung cell phone from under Cofield's armpit. The prison forensics unit extracted the phone and determined that Cofield was using a TextNow account which provides users with a different phone number that can be used to call and text. Within the cell phone extraction, agents identified conversations between Cofield and a sales member of Money Metals Exchange in Eagle, Idaho. In these conversations, the sales member believed he was communicating with Kimmel via 323-909-870, the same number that was used to contact Schwab. The conversation involved the purchase of gold coins from Money Metals Exchange LLC in the amount of $11,000,000.

On December 8, 2020, a federal grand jury returned a seven-count indictment related to the fraud and money laundering scheme, charging: Arthur Lee Cofield

(hereinafter "Cofield") with a conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count One) and aggravated identity theft in violation 18 U.S.C. §1028A(a)(1) (Count Two); Cofield and Eldridge Maurice Bennett with a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Three) and money laundering in violation of 18 U.S.C. § 1956(a)(l)(B)(i) (Count Four) and 18 U.S.C. § 1957 (Count Five); and Cofield, Eldridge Maurice Bennett, and Eliayah Bennett with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Six) and money laundering in violation of 18 U.S.C. § 1957 (Count Seven). (Doc. 1).

Defendant Cofield filed the instant motion to suppress evidence on April 28, 2021. (Doc. 79). On July 13, 2022, Cofield filed a supplemental pleading on the issue of standing, claiming a possessory interest in the contraband cell phone the contents of which he seeks to suppress. (Doc. 127). Cofield attached as an exhibit to that pleading a GDC Incident Report that detailed the seizure of the subject cell phone from Cofield's armpit inside his prison cell. (Doc. 127, Exhibit 1). At a pretrial conference on July 13, 2022, the Court directed the government to respond to the motion only as to the issue of standing. (Doc. 128).

**II.   Legal Authority and Argument**

One's standing to challenge governmental actions on Fourth Amendment grounds is a threshold question. *See United States v. McBean*, 861 F.2d 1570, 1573 (11th Cir. 1988). To prevail on a claim that evidence was seized in violation of the Fourth Amendment, the defendant bears the burden of demonstrating a legitimate expectation of privacy in the areas searched. *Smith v. Maryland*, 442

3

U.S. 735, 740, 99 S. Ct. 2577, 61 L. Ed. 2d 220 (1979) (applicability of Fourth Amendment turns on whether defendant can claim a justifiable, reasonable, or legitimate expectation of privacy). *United States v. Harris*, 526 F.3d 1334, 1338 (11th Cir. 2008); *United States v. Brazel*, 102 F.3d 1120, 1147-48 (11th Cir. 1997); *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998) (holding that the individual challenging the search has the burden of both proof and persuasion). To have standing to challenge a search, one must manifest a subjective expectation of privacy in the invaded area that "society is prepared to recognize as reasonable." *Cooper*, 133 F.3d at 1398; *United States v. Segura-Baltazar*, 448 F.3d 1281, 1286 (11th Cir. 2006). A bare claim that an individual has an interest in the items seized during a search is insufficient to establish that his Fourth Amendment rights were implicated by a search. *See United States v. Chaves*, 169 F.3d 687, 690 (11th Cir. 1999).

It is well established that incarcerated persons lack any protected privacy interest in their cells and personal property. *See Hudson v. Palmer*, 468 U.S. 517, 525-26, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). Accordingly, the Fourth Amendment's warrant requirement and reasonableness standard do not apply to cell searches or the seizure of inmate property. *Id.* In *Hudson v. Palmer*, the Supreme Court held that "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of a prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled

4

with the concept of incarceration and the needs and objectives of penal institutions." 468 U.S. 517, 525-26, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984).

Numerous federal courts applying *Hudson* have concluded that prisoners have no reasonable expectation of privacy in using contraband cell phones and therefore cannot maintain Fourth Amendment claims based on seizure of the phones or their contents. *See, e.g.*, *United States v. Morris*, 2016 U.S. Dist. LEXIS 107777 at *13-14,  2016 WL 4267990 (N.D. Ga. Aug. 15, 2016); *United States v. Basaldua*, 2021 U.S. Dist. LEXIS 236014 at *4-6; 2021 WL 5851448 (M.D. La. Dec. 9, 2021);  *Shea v. United States*, 2016 U.S. Dist. LEXIS 194920, 2016 WL 3750975, at *5 (D. Nev. Apr. 16, 2016), adopted by 2018 U.S. Dist. LEXIS 133733, 2018 WL 3747282 (D. Nev. Aug. 7, 2018); *Hayes v. Cal. Dep't of Corr. & Rehab.*, 2019 U.S. Dist. LEXIS 216049 at *4, 2019 WL 9362650 (C.D. Cal. Dec. 16, 2019); *United States v. Bash*, 2021 U.S. Dist. LEXIS 143002 at *10, 2021 WL 3207252 (E.D. Cal. Jul. 29, 2021).  Because cell phones are contraband, inmates can have no reasonable or legitimate expectation of privacy in communications that take place using them. *See United States v. Yandell*, 2022 U.S. Dist. LEXIS 91166 at *10, 2022 WL 1607923 (E.D. Cal. May 2022) ("Because inmate possession of cellphones is prohibited by law, any subjective expectation of privacy in conversations conducted on them is inherently unreasonable and illegitimate."); *United States v. York*, 2017 U.S. Dist. LEXIS 161325, 2017 WL 5068143 at *4 (E.D. Cal. Sept. 29, 2017) (defendant "could have no reasonable expectation of privacy in communications that took place over his contraband cellular telephone" and thus lacked standing to challenge wiretap); *United States v. Rodriguez*, 2015 U.S. Dist. LEXIS 13405, 2015 WL 468358

at *1 (S.D. Cal. Feb. 3, 2015) ("No court has ruled that a prison inmate has a reasonable expectation of privacy for communications he makes by cellular telephone.")

Cofield's reliance on *Riley v. California* to support his Fourth Amendment claim is inapposite because Riley's cell phone was searched incident to his arrest; his possession of the phone was not itself illegal. 573 U.S. 373, 378-379, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014); *see also Basaldua*, 2021 U.S. Dist. LEXIS 236014 *5-6 (contrasting the facts in *Riley* in holding that an incarcerated defendant does not have an expectation of privacy that society is willing to recognize as reasonable). Here, Cofield's possession of the subject cell phone was inside of a prison cell where Cofield had no expectation of privacy, and his mere possession of the phone was illegal. Consequently, Cofield cannot show the standing necessary to make a Fourth Amendment challenge.

### III.    Conclusion

Because Defendant Cofield lacks Fourth Amendment standing to contest the search of his cell phone, Cofield's Motion to Suppress the Fruits of a Warrantless Cell Phone Search should be denied.

[continued on next page]

Respectfully submitted, this 12th day of August 2022.

        Ryan K. Buchanan
          United States Attorney
        Northern District of Georgia

        *s/ Irina K. Dutcher*
        IRINA K. DUTCHER
          Assistant United States Attorney
        Georgia Bar No. 583088
        600 Richard B. Russell Building
        75 Ted Turner Drive SW
        Atlanta, Georgia 30303
        (404) 581-6000
        (404) 581-6181 FAX

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing Response in Opposition to Defendant's Motion to Suppress Fruits of a Warrantless Cell Phone Search today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Steven Howard Sadow

August 12, 2022

/s/ *IRINA K. DUTCHER*

Irina K. Dutcher

*Assistant United States Attorney*