IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARTHUR LEE COFIELD,
A/K/A Archie Lee,

    Defendant.

CRIMINAL ACTION NO.
1:20-CR-00481-SCJ-RDC-1

## FINAL REPORT AND RECOMMENDATION

This criminal case is before the Court on Defendant Arthur Lee Cofield's Motion to Suppress Fruits of a Warrantless Cell Phone Search. (Doc. 79). On July 13, 2022, he filed a supplemental pleading in support of his motion, asserting that he had a possessory interest in his cell phone that was seized and later searched by law enforcement officers. (Doc. 127). This Court directed the Government to address whether Mr. Cofield has standing to challenge the search of his cell phone. (Doc. 128). On August 12, 2022, the Government filed its response. (Doc. 134). The time for filing a reply brief has passed, and this matter is now ripe for disposition.

Following careful review of the Defendant's pleadings, the Government's response, and the applicable law, Mr. Cofield's motion to suppress is due to be **DENIED.**

## Factual and procedural background

On December 8, 2020, Mr. Cofield, along with co-conspirators Eldridge Maurice Bennett and Eliayah Bennett, was named in a seven-count Indictment charging him with conspiracy to commit bank fraud in violation of 18 U.S.C. §1349 (Count One) and aggravated identity theft in violation 18 U.S.C. §§1028A(a)(1) and 2 (Count Two). (Doc. 1). He and Mr. Bennett are charged with conspiracy to commit money laundering in violation of 18 U.S.C. § 956(h) (Count Three), money laundering in violation of 18 U.S.C. §§ 1956(a)(l)(B)(i) and 2 (Count Four) and money laundering in violation of 18 U.S.C. §§ 1956(h) and 2 (Count Five). (*Id.*). All three co-conspirators are charged with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Six) and money laundering in violation of 18 U.S.C. §§ 1957 and 2. (Count Seven). (Doc. 1 at 8-9).

According to the Indictment, these charges stem from the fraudulent transfer of $11,000,000 from a Charles Schwab account on June 9, 2020. (Doc. 1 at 2-3). The Government alleges that Mr. Cofield (while incarcerated at the Georgia Diagnostic and Classification Prison in Butts County, Georgia) orchestrated a scheme to defraud the financial institution by unlawfully transferring funds to a third party. (Doc. 134

at 2-3). He allegedly used a cell phone concealed in his prison cell to coordinate the transaction and communicate with his co-conspirators. (*Id*.). The stolen funds were eventually used to purchase property in Atlanta. (Doc. 1 at 8).

On June 10, 2020, Mr. Cofield's prison cell was searched by members of Georgia Department of Corrections' ("GDC") prison staff. (Doc. 134 at 2-3). The officers discovered a blue Samsung cell phone on his person.[1] A forensic examination of the cell phone revealed that Mr. Cofield had been using a TextNow account that allowed him to utilize a phone number not assigned to him to text and call other users. (*Id.* at 2). The examination also revealed that Mr. Cofield had been communicating with a third party in order to facilitate the illegal financial transaction. (*Id.*).

### **The parties' contentions**

In Mr. Cofield's motion to suppress, he does not challenge the legality of the seizure of his cell phone. (Doc. 79 at 2). Rather, he argues that the warrantless search of his device was illegal because it was "unrelated to [his] possession of contraband cellular phones at the prison facility. The warrantless search (forensic examination) conducted months after the seizure was not for the legitimate prison objections of security and maintenance." (*Id.*). Because the search was performed only to "bolster

---

[1] Officers also found another cell phone lying on a desk, a Samsung phone charger, and a pair of Samsung earbuds. Mr. Cofield does not contest the seizure of these items. (Doc. 127 at 6-8).

3

the investigation" related to the pending charges, he submits, it resulted in a Fourth Amendment violation. (Doc. 79 at 2). Mr. Cofield also avers that he maintains standing to contest the search because the GDC's incident report establishes "a possessory interest in the seized phone described in the motion and thereby affords him standing to contest the warrantless search." (Doc. 127 at 1).

The Government disagrees, arguing that Mr. Cofield does not have standing to contest the search of his cell phone because he "has not shown a legitimate expectation of privacy in the contents of a contraband cell phone, [and] he cannot meet his burden in claiming a Fourth Amendment violation." (Doc. 134 at 1). Pursuant to *Hudson v. Palmer*, 468 U.S. 517 (1984), the Government argues that incarcerated individuals "lack any protected privacy interest in their cells and personal property." (*Id*. at 4). Moreover, because the cell phone is contraband, the Government contends, Mr. Cofield does not maintain a legitimate expectation of privacy that society is prepared to recognize. (*Id.* at 4-5). Because the Fourth Amendment's warrant requirement and reasonableness standard do not apply in this context, it continues, Mr. Cofield's motion to suppress is meritless. (*Id.* at 5-6).

## **DISCUSSION**

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. To challenge a seizure as violating the Fourth Amendment, a

defendant must have "standing," *i.e.,* a legitimate expectation of privacy in the premises. See, *United States v. Gonzalez,* 940 F.2d 1413, 1420 n. 8 (11th Cir. 1991); See Also, *United States v. Epps,* 613 F.3d 1093, 1097 (11th Cir.2010) (" O]nly individuals who have a legitimate expectation of privacy in the area invaded may invoke the protections of the Fourth Amendment.'") (quoting *United States v. Lee,* 586 F.3d 859, 864 (11th Cir. 2009)). Accordingly, the Fourth Amendment only protects an individual in a place where he can demonstrate a reasonable expectation of privacy against government intrusion. See, *Katz v. United States,* 389 U.S. 347, 353 (1967). Furthermore, Fourth Amendment rights are personal, and only individuals who have a reasonable expectation of privacy may challenge the validity of a government search. *Rakas v. Illinois,* 439 U.S. 128, 133–34, 143, (1978). An individual has standing to challenge a search if "(1) he has a subjective expectation of privacy, and (2) society is prepared to recognize that expectation as objectively reasonable." *United States v. Harris,* 526 F.3d 1334, 1338 (11th Cir. 2008). That is, a defendant must establish both a subjective and an objective expectation of privacy. *United States v. Segura–Baltazar,* 448 F.3d 1281, 1286 (11th Cir. 2006); *United States v. Robinson,* 62 F.3d 1325, 1328 (11th Cir.1995).

The subjective prong is a factual inquiry, *United States v. McKennon,* 814 F.2d 1539, 1543 (11th Cir.1987), and "requires that a person exhibit an actual

expectation of privacy," *United States v. King,* 509 F.3d 1338, 1341 (11th Cir. 2007) (quoting *Segura–Baltazar,* 448 F.3d at 1286). The objective prong is a question of law, *McKennon,* 814 F.2d at 1543, and "requires that the privacy expectation be one that society is prepared to recognize as reasonable," *King,* 509 F.3d 1338, 1341 (11th Cir.2007) (quoting *Segura–Baltazar,* 448 F.3d at 1286). "While property ownership is clearly a factor to be considered in determining whether an individual's Fourth Amendment rights have been violated, property rights are neither the beginning nor the end of ... [the] inquiry." *United States v. Salvucci,* 448 U.S. 83, 92, (1980) (citation omitted). Other factors to be weighed include whether the defendant has a possessory interest in the object seized or the area searched, whether he has the right to exclude others from that location, whether he has exhibited a subjective expectation that the area would remain free from governmental invasion, whether he employed normal precautions to maintain his privacy, and whether he was legitimately on the premises in question. *United States v. Pitt,* 717 F.2d 1334, 1337 (11th Cir.1983); *United States v. Haydel,* 649 F.2d 1152, 1154–55 (5th Cir. Unit A July 8, 1981)[2]; *Rawlings v. Kentucky,* 448 U.S. 98, 105, (1980); *Rakas,* 439 U.S. at 147–49.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions rendered by the Fifth Circuit before October 1, 1981.

Finally, the burden is on the defendant to show by a preponderance of the evidence that he had a legitimate expectation of privacy in the area searched. *Harris,* 526 F.3d at 1338; *United States v. Brazel,* 102 F.3d 1120, 1147 (11th Cir.1997); *United States v. Golphin,* No. 6:10–cr–291–Orl–28GJK, 2011 WL 2446561, at *1 (M.D.Fla. June 15, 2011) (<u>citing</u> *United States v. Cantley,* 130 F.3d 1371, 1377 (10th Cir.1997), for the proposition that the movant must demonstrate by a preponderance of the evidence that he has a legitimate expectation of privacy); *United States v. Bushay*, 859 F. Supp. 2d 1335, 1361–63 (N.D. Ga. 2012).

### **Mr. Cofield lacks standing to contest the search of his cell phone**

Mr. Cofield moves to suppress the "data stored within a Samsung cellular phone lawfully seized but subsequently searched without a warrant." (Doc. 79 at 1). He argues that law enforcement agents unlawfully searched for criminal activity unrelated to his unauthorized possession of the cell phones and that the search was conducted solely for the purpose of bolstering their investigation into the pending charges. (Doc. 79 at 2). Citing the Supreme Court's opinion in *Riley v. California*, 573 U.S. 373 (2014) (holding that law enforcement officers generally may not conduct a warrantless search of a cell phone seized from a defendant incident to his arrest without his consent), he also submits that he maintains standing to contest the

warrantless search of his cell phone and the extraction of its data pursuant to constitutional protections guaranteed by the Fourth Amendment. (*Id*.).

The Government urges this Court to deny relief, submitting that Mr. Cofield does not have standing to raise a Fourth Amendment claim because "prisoners have no reasonable expectation of privacy in using contraband cellphones and therefore cannot maintain Fourth Amendment claims based on seizure of the phones or their contents." (Doc. 134 at 5). Without an expectation of privacy "that society is prepared to recognize as reasonable" (*Id.* at 4), it continues, the Fourth Amendment's warrant requirement and reasonableness standards are inapplicable in this context. (*Id*. at 4-5). With respect to Mr. Cofield's reliance on *Riley*, the Government submits that it is misplaced. (Doc. 134 at 6). Because the defendant in *Riley* lawfully possessed the cell phone that was subjected to a warrantless search, the Government avers that the factual basis of that precedent is inapposite. (*Id*.). Thus, the Government continues, Mr. Cofield's motion to suppress should be denied.

The Government's arguments are persuasive. Neither Supreme Court nor Eleventh Circuit precedent recognizes an inmate's expectation of privacy in contraband he possesses while detained. In *Hudson, supra,* the United States Supreme Court held:

> [S]ociety is not prepared to recognize as legitimate any subjective
> expectation of privacy that a prisoner might have in his prison cell and

> that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions.

*Hudson*, 468 U.S. 517, 525-26 (1984).

Furthermore, the High Court noted that it was "satisfied that society would insist that the prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security. We believe that it is accepted by our society that "[l]oss of freedom of choice and privacy are inherent incidents of confinement." *Hudson,* 468 U.S. at 528, quoting, *Bell v. Wolfish*, 441 U.S. 550, 537 (1979). Likewise, the *Riley* decision provides no support for Ms. Cofield's Fourth Amendment claim because it is factually inapposite. The defendant in *Riley,* unlike Mr. Cofield, lawfully possessed his cell phone when he was subjected to a warrantless search by a police officer following a traffic stop. *Riley*, 573 U.S. at 379-80. In the instant case, Mr. Cofield's possession of the cell phone was itself unlawful because he was incarcerated at the time he possessed the device. "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson*, 468 U.S. at 527–28; *United States v. Huart*, 735 F.3d 972, 976 (7th Cir. 2013) (inmate confined to halfway house

following prison sentence surrendered any expectation of privacy in the contents of his cell phone) and *United States v. Rodriguez*, No. 13CR4514–BEN, 2015 WL 468358, at *1 (S.D. Cal. Feb. 3, 2015) ("No court has ruled that a prison inmate has a reasonable expectation of privacy for communications he makes by cellular telephone."). Therefore, Mr. Cofield has failed to prove he has standing to challenge the warrantless search of the device he unlawfully possessed.

Lastly, this Court also denies Mr. Cofield's request for an evidentiary hearing. As previously stated, he has failed to establish that he has standing to challenge the warrantless search of his cell phone. Accordingly, an evidentiary hearing is not warranted in this case. *United States v. Sneed*, 732 F.2d 886, 888 (11th Cir. 1984), (explaining that Due Process considerations "do not require that a defendant who fails to make the fundamental allegations in his motion to suppress be afforded a pretrial hearing on his motion…where a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of the trial to receive evidence on any issue necessary to the determination of the motion.").

## **CONCLUSION**

For the reasons stated above, this Court **RECOMMENDS** that Mr. Cofield's Motion to Suppress Fruits of a Warrantless Cell Phone Search (Doc. 79) be **DENIED**.

Having now addressed all referred pretrial matters relating to Mr. Cofield and having not been advised of any impediments to the scheduling of a trial as to him, this case is **CERTIFIED READY FOR TRIAL.**

**IT IS SO RECOMMENDED** this 30th day of September, 2022.

REGINA D. CANNON
United States Magistrate Judge