IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARTHUR LEE COFIELD | Criminal Action No.<br><br>1:20-cr-00481-SCJ-RDC-1 |

**JOINT MOTION FOR INTERLOCUTORY SALE OF REAL PROPERTY**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Sekret T. Sneed, Assistant United States Attorney, for the Northern District of Georgia, and the defendant, Arthur Lee Cofield, by and through his attorney, Steve H. Sadow, in the above-captioned matter, hereby jointly move this Court, pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, for an order authorizing the immediate sale of 4099 Randall Mill Road, NW, Atlanta, Fulton County, Georgia 30327, and all buildings, appurtenances, improvements, and attachments thereon (hereinafter, "Subject Real Property"), which is listed in the forfeiture provision of the Criminal Indictment. In support of this motion, the parties show the following:

**I.     Relevant Procedural History**

On December 8, 2020, a Grand Jury, sitting in the Northern District of Georgia, returned a seven count Criminal Indictment against Arthur Lee Cofield ("Cofield") and two others, for conspiracy to commit bank fraud, aggravated identity theft, money laundering conspiracy, and money laundering. The

Indictment alleged that Cofield and others used the identity and funds of victim S.K. to purchase gold coins. The Indictment included a forfeiture provision that sought to forfeit, upon conviction, proceeds constituting or derived from the offenses and property, real or personal, involved in the offenses, or any property traceable thereto, including the Subject Real Property.

Siriusly Sound House LLC ("Siriusly Sound"), which is an entity solely owned and controlled by Defendant Cofield, acquired the property on or about September 1, 2020. Siriusly Sound was administratively dissolved in August 29, 2020. Since Defendant Cofield was indicted in this case, the Subject Real Property has been vacant, has not been maintained and is rapidly deteriorating. Accordingly, the Government and Defendant Cofield seek the Court's approval to immediately sell the Subject Real Property and to hold the net proceeds of such sale *in lieu* of the Subject Real Property pending resolution of this matter.

## II.   Argument and Citation of Authority

Fed. R. Crim. P. 32.2(b)(7) authorizes a district court to order the interlocutory sale of property alleged to be forfeitable in accordance with Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Supplemental Rule G(7) authorizes a district court to order the interlocutory sale of all or part of the property subject to a pending asset forfeiture action if certain conditions are met. Specifically, Supplemental Rule G(7)(b) provides that upon the motion of a party:

. . . the court may order all or part of the property sold if:

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
>
> (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
>
> (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
>
> (D) the court finds other good cause.

(Supp. R. G(7)(b).) The sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person that the court designates. Supp. R. G(7)(b)(ii). If the sale is uncontested, the parties may agree to the procedures and conditions of the sale. Supp. R. G(7)(b)(iii). The proceeds of an interlocutory sale "are a substitute res subject to forfeiture in place of the property that was sold" and "must be held in an interest-bearing account maintained by the United States pending conclusion of the forfeiture action." Supp. R. G(7)(b)(iv). If, at the conclusion of Defendant Cofield's case, the court orders the forfeiture of the sale proceeds, the proceeds will be disposed of as provided by law. Supp. R. G(7)(c).

Here, an interlocutory sale of the Subject Real Property is warranted because the property is at serious risk of deterioration or decay. Specifically, the Subject Real Property is a two-story, single family residence in Atlanta, Georgia that was valued at approximately $3.5 million in 2020. Since indictment, the record owner, Siriusly Sound, has been administratively dissolved, and Siriusly Sound's owner,

Defendant Cofield, is incarcerated. Accordingly, there is no one willing or able to maintain the Subject Real Property, which presents the potential risk of the property deteriorating thereby negatively affecting the property's fair market value. In addition, law enforcement recently has responded to several crime-related incidents at the property. The sale of the Subject Real Property would allow the preservation of any remaining funds for disposition at the conclusion of this matter.

Therefore, in order to preserve the monetary value of the property, the government and Defendant Cofield seek its immediate sale. Because the sale is uncontested, the parties also request that the Court authorize Pailey Nooromid, a real estate agent with Atlanta Fine Homes Sotheby's International Realty, to market and sell the Subject Real Property.

## Conclusion

For the foregoing reasons, the Government and Defendant Cofield respectfully request that the Court grant this motion.

Respectfully submitted,       Respectfully submitted,
RYAN K. BUCHANAN
   *United States Attorney*

*/s/ Sekret T. Sneed*      */s/ Steven H. Sadow*

SEKRET T. SNEED      Steven H. Sadow
*Assistant United States Attorney*      Georgia Bar No. 622075
Georgia Bar No. 252939      Law Office of Steven H. Sadow, P.C.
sekret.sneed@usdoj.gov      Suite 2502
     260 Peachtree Street, NW
     Atlanta, GA 30303
     stevensadow@gmail.com

     Attorney for Defendant

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

October 7, 2022.

*/s/Sekret T. Sneed*
SEKRET T. SNEED
Assistant United States Attorney